### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**ALAN COLE ONSTAD**
**ADC #128493**                                                                    **PLAINTIFF**

v.                                                  **No. 2:13-cv-4-DPM**

**MARY ANN WILKINSON and**
**RICHARD L. PROCTOR**                                                 **DEFENDANTS**

### ORDER

**1.** Alan Cole Onstad, an Arkansas Department of Correction inmate, moves to proceed *in forma pauperis*. The average monthly deposit in his account at the East Arkansas Unit for the six months before his application was submitted was $31.50. *Document No. 1.* Onstad's IFP motion, *Document No. 1*, is therefore granted. He must pay over time nonetheless. His present custodian, the Warden of the East Arkansas Region Unit or his designee, will collect from Onstad's prison trust account the $350.00 filing fee by collecting the $6.30 initial partial filing fee, as well as monthly payments amounting to 20% of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Payments should be clearly identified by the name and number assigned to this action.

The Clerk of Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden of the East Arkansas Regional Unit, Post Office Box 180, Brickeys, Arkansas 72320.

**2.** This Court must also screen Onstad's complaint. 28 U.S.C. § 1915A. Onstad claims that Lee County Circuit Court Clerk Mary Ann Wilkinson improperly denied his application for leave to proceed *in forma pauperis* in a state-court proceeding in October 2012. He names as Defendants Wilkinson and Lee County Circuit Judge Richard Proctor, requesting injunctive relief and money damages against both.

Assuming all allegations in the complaint are true, Onstad still has not stated a claim for relief under 42 U.S.C. § 1983. Wilkinson enjoys quasi-judicial immunity in this case. Although Wilkinson notified Onstad that his application for leave to proceed IFP was denied, she did not actually deny the request. *Document No. 5, at 14.* Rather, Judge Proctor found that Onstad was not indigent and denied IFP status. *Document No. 5, at 13.* Because Wilkinson

only communicated Judge Proctor's decision regarding Onstad's IFP

application, she is immune from liability under 42 U.S.C. § 1983. *Martin v.*

*Hendren,* 127 F.3d 720, 721-22 (8th Cir. 1997); *see also Geitz v. Overall,* 62 Fed.

Appx. 744, 746, 2003 WL 186054, at \*\*1-2 (8th Cir. 2003) (unpublished).

And Judge Proctor enjoys absolute immunity for his decision to deny

Onstad's application. *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991).  He decided as

circuit court judge with jurisdiction over Onstad's case.  Judge Proctor may

have been mistaken about Onstad's financial situation.   But immunity

protects judges against lawsuits for having made a mistake in judgment. *Ibid.*

All of Onstad's claims against Wilkinson and Judge Proctor are

dismissed with prejudice because they fail as a matter of law and cannot be

fixed by any amendments.  This dismissal counts as a strike.  See 28 U.S.C. §

1915(g).  Subject to the Prison Litigation Reform Act of 1996, this Court's

doors remain open to Onstad.

**3.** Onstad also has moved for a preliminary injunction or temporary

restraining order and for court-appointed counsel.  *Document Nos. 2 & 6.*

Those motions are denied as moot.

So Ordered.

_D̶P̶ ̶M̶a̶r̶s̶h̶a̶l̶l̶ ̶J̶._____

D.P. Marshall Jr.
United States District Judge


7 February 2013